IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JERMAINE JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-1130 |
| | ) | |
| TIMOTHY B. MOORE, DETECTIVE GARNER, | ) | |
| UNKNOWN OFFICERS, and the CITY OF | ) | |
| PEORIA, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Timothy B. Moore, Detective Garner, Unknown Officers, and the City of Peoria, by their attorney, Sonni C. Williams, and for their Answer to Plaintiff's Complaint, state as follows:

**NATURE OF CLAIM**

1. This action arises under 42 U.S.C. §1983, 28 U.S.C. §1367, to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants admit to the nature of claims in Paragraph 1 of Plaintiff's complaint, but deny that the Defendants deprived Plaintiff of his rights under the 4th, 5th and 14th Amendments of the U.S. Constitution.

2. Additionally, plaintiff relies upon the Court's pendent jurisdiction to assert the Illinois State claims of due process, malicious prosecution, and intentional infliction of emotional distress.

**ANSWER**:  Defendants admit the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3).

**ANSWER**:  Admitted.

4. Venue lies in the United States District Court, Central District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**ANSWER**:  Admitted.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

**ANSWER**:  Defendants lack knowledge to admit or deny whether plaintiff is a U.S. citizen, but admit remaining allegations in Paragraph 5 of Plaintiff's complaint.

6. At all times herein mentioned, defendants TIMOTHY B. MOORE, DETECTIVE GARNER, and UNKNOWN OFFICERS were officers employed by the Peoria Police Department and were acting under color of state law and as the employees or agents of the City of Peoria, Illinois.  They are being sued in their individual capacities.

**ANSWER**:  Admitted.

7. Defendant CITY OF PEORIA is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF PEORIA maintained, managed, and/or operated the Peoria Police Department.

**ANSWER**: Admitted.

**Facts**

<u>**History of the Robberies and Home Invasions**</u>

8. In October of 2011, a string of robberies and home invasions targeting the elderly were being committed throughout Peoria, Illinois.

**ANSWER**: Defendants object to the relevancy of the allegations in Paragraph No. 8 and without waiving the objection, state that there were various robberies and home invasions being invested within the span of a two-month period with various perpetrators.

9. During the robberies, assailants would force their way inside elderly victims' homes. The crimes committed against victims would include; assault, robbery and carjacking.

**ANSWER**: Defendants object to the relevancy of the allegations in Paragraph No. 9 and without waiving the objection, state that there were various robberies and home invasion with or without use of force.

10. Among the items reported stolen were a vehicle taken from robbery victim Clarence Heinz's residence (later recovered at the "Heritage Inn") and a watch with an inscription that reads "25 years of service from Producer's dairy" with a depiction of the twelve apostles.

**ANSWER**: Defendants admit the allegations that items reported taken from robbery victim Heinz's residence included a watch with an inscription that reads "25 years of service of faithful service Producer's Dairy 1945-1970" and a with names of the twelve apostles, but lack knowledge to admit or deny that these watches were later recovered at "Heritage Inn."

11. The individual defendants, prior to arresting Plaintiff, learned through their investigation that Mark Prins, a white male, would initially knock on the doors of the victims and approached them with a proposition to paint their addresses on the curb for a small fee. After

addresses were painted on the curb, the group of assailants would come back and commit the robberies and homes invasions.

**ANSWER**: Defendants object to the relevancy of the allegations in Paragraph No. 11, but without waiving the objection, Defendants lack knowledge to admit or deny allegations in Paragraph No. 11.

12. Due to the media frenzy and public fear, the City of Peoria and its Police Department were under intense pressure to capture the assailants.

**ANSWER**: Denied.

### Arrest and Detention of Plaintiff

13. On October 27, 2011, plaintiff Jermaine Jackson ("Jackson"), went to the Peoria Police Department in response to an inquiry by police officers regarding his minor son.

**ANSWER**: Defendants lack knowledge to admit or deny allegations in Paragraph No. 13.

14. Unbeknownst to Plaintiff, Detectives Timothy B. Moore ("Moore") and Garner ("Garner") were conducting an unrelated unsuccessful investigation involving a string of home invasions in Peoria against elderly victims. Plaintiff, now at the mercy of the Peoria police department, had just walked into a situation where he would eventually become the suspect of crimes he knew nothing about.

**ANSWER**: Denied.

15. Moore and Garner contacted witness Ronald Bullock ("Bullock") and victim Heinz to obtain positive identification of the assailants.

**ANSWER**: Defendants admit that Moore and Garner met with Mr. Bullock at one of the two times to obtain identification of a suspicious black male near Mr. Heinz's home, but state that Garner met with Mr. Heinz without Moore to obtain identification of the two assailants.

16. Garner presented a "black and white" photo lineup to Bullock where Bullock initially identified Michael Ralph ("Ralph") as the assailant. Detective Garner, maliciously ignored Bullock's identification of Ralph, instead Garner focused his investigation upon the Plaintiff.

**ANSWER**: Defendants admit that Bullock initially identified Michael Ralph as one of the two suspicious black males near Mr. Heinz's home, but deny remaining allegations.

17. While Plaintiff was in custody, Garner maliciously removed Ralph's photo from the photo array and suggestively inserted the Plaintiff's photo in its place. The individual defendants then presented the "black and white" photos lineup, with only the Plaintiff's photo depicted in color, to Bullock and victim Heinz; who both in turn identified Plaintiff as the assailant.

**ANSWER**: Defendants deny the allegations contained in Paragraph 17.

18. Garner maliciously accepted the photo lineup identification of Plaintiff even though Garner knew Ralph had previously been identified by Bullock as the assailant and that Heinz revealed that he wasn't confident in his recollection of the assailants stating that he would rely on Bullocks identification because as Heinz put it, he had "a better look".

**ANSWER**: Defendants deny the allegations contained in Paragraph 18.

19. Heinz initially described the assailant as 40 to 43 years old, 5'8 to 5'9 in height and slim-about 190 pounds. Plaintiff's description at the time of his arrest was drastically different from Heinz description of the assailant. The Plaintiff was described as, 37 years old, 6'2 in height, and 245 pounds.

**ANSWER**: Defendants admit that Mr. Heinz described one of the two assailants as a black male approximately 5'8 to 5'9 tall and approximately 190 pounds and the Plaintiff's description, but deny the allegations contained in the second sentence of Paragraph 19.

20. Finally, after securing the tainted identification of Plaintiff, the individual defendants informed that Plaintiff that they wanted to speak to him regarding an unrelated incident.

**ANSWER**: Defendants deny the allegations contained in Paragraph 20.

21. During the meeting with Detectives Moore and Garner, Jackson was informed of their investigation into the string of home invasions in Peoria, and that Jackson had become their prime suspect.

**ANSWER**: Defendants deny that Moore and Garner questioned Jackson about the string of home invasions, instead the questions were focused on the home invasion of Mr. Heinz's home.

22. Jackson was then held, against his will, for various home invasions and robberies.

**ANSWER**: Defendants deny that Jackson was held against his will until his arrest for the home invasion and burglary of Mr. Heinz's home.

23. On October 27, 2011, while Plaintiff was being held and questioned, similar home invasion occurred, fitting the Modus Operandi of the of the crimes for which the Plaintiff was being held. Yet the defendants continued to hold Plaintiff in custody for the previous home invasions.

**ANSWER**: Defendants deny the allegations contained in Paragraph 23.

24. On October 28, 2011, Defendants conducted an illegal, warrantless search of Plaintiff's residence while Plaintiff was in custody. Neighbor saw the officers' illegal entry and the officers inadvertently tripped house alarms during their illegal search.

**ANSWER**: Defendants deny the allegations contained in Paragraph 24.

25. The next day to cover themselves for the illegal search, the defendants obtained a search warrant for the Plaintiff's residence.

**ANSWER**: Defendants deny the allegations contained in Paragraph 25 and state the only time Defendants entered and searched Jackson's home was with a lawfully obtained search warrant.

## Plaintiff's Actual Innocence

26. The Peoria Police Department and unknown individual defendant officers arrested Larry Hughes "Hughes" for the home invasion of Anna Dufek's residence.

**ANSWER**: Defendants object to relevance, but without waiving the objection, admit the allegations in Paragraph 26.

27. The Peoria Police Department and unknown individual defendant officers played a recording of the 911 call made during the home invasion of Anna Dufek. Hughes identified the voice of the perpetrator as belonging to Michael A. Ralph.

**ANSWER**: Defendants object to relevance, but without waiving the objection, deny the allegations in Paragraph 27.

28. Hughes revealed, to the officer defendants, that Mark Prins, and Michael A. Ralph were the home invasion assailants. Hughes also provided details as to how the two assailants targeted the homes of their victims, their motive, and scheme behind the home invasions. After speaking with the victims and compiling evidence of the crimes the individual defendants knew or should have known that Hughes information was credible. The individual defendants ignored the exculpatory information provided by Hughes, did not give the exculpatory evidence to the states attorney or Plaintiff and carried on with their malicious prosecution of the Plaintiff.

**ANSWER**: Defendants object to relevance, but without waiving the objection, Defendants deny the allegations contained in Paragraph 28.

29. The individual defendants learned that the vehicle that was stolen from Heinz's residence – which Plaintiff was arrested, charged, and incarcerated for robbery and home invasion – was found at the "Heritage Inn" located at 2726 W. Lake Street. This vehicle belonged to the victim, Heinz.

**ANSWER**: Defendants admit the allegations contained in Paragraph 29 except the vehicle was located at 4501 N. Sterling Ave., Peoria, Illinois, not at or near "Heritage Inn."

30. The individual defendants learned from employees of the Heritage Inn, that Michael Ralph Anthony resided at the Heritage Inn for at least 41 months. Employee, Bill Thernell, informed the individual defendants that he saw Michael Ralph Anthony drive up and park Heinz's stolen vehicle at his residence.

**ANSWER**: Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 30.

31. One of the employees went on to state that Michael Anthony Ralph attempted to sell him several pieces of jewelry in the past. One of these pieces of jewelry included a watch with an inscription reflecting "25 years of service from some dairy" and a depiction of the twelve apostles; a similar description given by Heinz as the piece of jewelry taken from his home.

**ANSWER**: Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 31.

32. The individual defendants took DNA samples during their investigation. The DNA sample excluded the Plaintiff; the individual defendants ignored this exculpatory evidence. The individual defendants ignored the exculpatory information provided by the DNA results, did

not give the exculpatory evidence to the states attorney or Plaintiff and carried on with their malicious prosecution of the Plaintiff.

**ANSWER**: Defendants admit that a swab was made on the gear shift for potential DNA evidence, but deny the remaining allegations contained in Paragraph 32.

33. Several additional home invasions and robberies occurred, while Plaintiff was in custody, matching the *modus operandi* of the assailants' crimes for which Plaintiff was in custody.  Also, The individual defendants knew that, from their investigation into Plaintiff's work history, Plaintiff was at work during the times the home invasions, assaults, robberies, and carjackings took place.  Yet defendants carried on with their malicious prosecution of the Plaintiff.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 33.

34. The individual defendants ignored the exculpatory information provided by the Heritage Inn employees, did not produce video surveillance footage recovered from Heritage Inn employees, did not give the exculpatory evidence to the states attorney nor Plaintiff and carried on with their malicious prosecution of the Plaintiff.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 34.

35. Defendant police officers caused the false charges of various home invasions and residential burglaries to be filed against Plaintiff.  Subsequently, plaintiff was booked, processed, and charged with said crimes, and was wrongfully incarcerated.

**ANSWER**: Defendants deny the allegations contained in Paragraph 35.

36. On November 15, 2011, Plaintiff was officially indicted for one (1) count of home invasion and one (1) count of residential burglary occurring on October 19, 2011.

**ANSWER**:   Defendants admit the allegations contained in Paragraph 36.

## Trial

37.    Plaintiff retained the services of a two criminal defense attorneys. A jury trial was held on September 10, 2012, regarding the criminal charges against plaintiff.

**ANSWER**: Defendants admit the allegations in Paragraph 37, but there was only one attorney of record in Plaintiff's defense in the criminal trial.

38.    On the stand, Heinz said the assailant used his cell phone to call the co-assailant into the house after he forced his way inside his home. Plaintiff's criminal defense counsel had requested the phone records months prior to Plaintiff's trial but neither investigating officers or prosecution never disclosed the requested records.

**ANSWER**: Defendants deny the allegations contained in Paragraph 38.

39.    Defendants admitted to conducting an illegal search of Plaintiff's residence.

**ANSWER**: Defendants deny the allegations contained in Paragraph 39.

40.    In spite of the many constitutional violations by defendant police officers as described above, the plaintiff was found not guilty on September 12, 2012, and released from custody shortly thereafter, having spent almost eleven months in custody.

**ANSWER**: Defendants deny the allegations contained in Paragraph 40.

41.    By reason of the above-described acts and omissions of the defendant police officers, Plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering.

**ANSWER**: Defendants deny the allegations contained in Paragraph 41.

42.    The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights, justify the award of exemplary and punitive damages.

**ANSWER**: Defendants deny the allegations contained in Paragraph 42.

43. By reason of the above-described acts and omissions of the individual defendants, Plaintiff was required to retain an attorney to initiate and prosecute legal proceedings, and otherwise render legal assistance to him in the present action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER**: Defendants deny the allegations contained in Paragraph 43.

## COUNT I

### FALSE ARREST

44. Plaintiff, JERMAINE JACKSON, incorporates and re-alleges paragraphs 1-43, as though set forth herein in their entirety.

**ANSWER**: Defendants incorporates and re-alleges their answers to paragraphs 1-43.

45. The seizure and arrest of the plaintiff, JERMAINE JACKSON was effected without probable cause, and was unreasonable.

**ANSWER**: Defendants deny the allegations contained in Paragraph 45.

46. By reason of the conduct of the individual defendants and unknown officers, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER**: Defendants deny the allegations contained in Paragraph 46.

## COUNT II

### FAILURE TO INTERVENE AGAINST UNKNOWN OFFICERS

47. Plaintiff incorporates and re-alleges paragraphs 1-43, 45-46, as though set forth herein.

**ANSWER**: Defendants incorporates and re-alleges their answers to paragraphs 1-43, 45-46.

48. Defendants UNKNOWN OFFICERS had reason to know that plaintiff was arrested and charged falsely, unjustifiably and without legal cause.

**ANSWER**: Defendants deny the allegations contained in Paragraph 48.

49. Defendant UNKNOWN OFFICERS had a reasonable opportunity to prevent said arrest and submission of false evidence from occurring, but did not do so.

**ANSWER:** Defendants deny the allegations contained in Paragraph 49.

50. By reason of the conduct of defendant UNKNOWN OFFICERS, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER**: Defendants deny the allegations contained in Paragraph 50.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL INDIVIDUAL DEFENDANTS

51. Plaintiff incorporates and re-alleges paragraphs 1-43, 45-46, 48-50, as though set forth herein.

**ANSWER**: Defendants incorporates and re-alleges their answers to paragraphs 1-43, 45-46, 48-50.

52. The conduct of the individual defendants was extreme and outrageous. The individual defendants intended to inflict severe emotional distress on Plaintiff, or knew that there was a high probability that their conduct would do so.

**ANSWER**: Defendants deny the allegations contained in Paragraph 52.

53. Defendants' conduct did, in fact, cause Plaintiff severe emotional distress.

**ANSWER:** Defendants deny the allegations contained in Paragraph 53.

54. Defendant CITY OF PEORIA is liable for the acts of the individual defendants pursuant to the doctrine of *respondent superior*.

**ANSWER**: The correct statement of liability of Defendant City of Peoria is pursuant to 745 ILCS 10/2-302, in which it must indemnify, defend and pay any settlement or a judgment except an award of punitive or exemplary damages based on an injury allegedly arising out of an act or omission occurring within the scope of his employment as such employee.

## COUNT IV – 42 U.S.C. §1983

## DUE PROCESS – RIGHT TO A FAIR TRIAL

55. Plaintiff restates and realleges all the statements made in paragraphs 1-43, 45-46, 48-50, 52-54 of this Complaint as though fully set forth herein.

**ANSWER**: Plaintiff incorporates and re-alleges paragraphs 1-43, 45-46, 48-50, 52-54 as though set forth herein.

56. The individual defendants, MOORE, GARNER, and UNKNOWN OFFICERS deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, using identification evidence derived from a suggestive photo lineup at trial, failing to disclose known exculpatory evidence, ignoring exculpatory evidence, failing to investigate actual innocence of Plaintiff, submitting false charges as contained in the criminal complaints, submitting false police reports, omitting exculpatory evidence from police records, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute Plaintiff and to deny Plaintiff fair legal proceedings.

**ANSWER**: Defendants deny the allegations contained in Paragraph 56.

57.     These acts were directed toward Plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 57.

58.     By reason of the conduct of defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the due process clause of the Fourteenth, fifth, and sixth Amendments to the Constitution of the United States.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 58.

59.     As a proximate result of this deprivation of due process, Plaintiff suffered extreme physical, emotional and pecuniary damage.

**ANSWER:** Defendants deny the allegations contained in Paragraph 59.

## COUNT V

### MALICIOUS PROSECUTION AGAINST ALL INDIVIDUAL DEFENDANTS

60.     Plaintiff restates and re-alleges all the statements made in paragraphs 1-43, 45-46, 48-50, 52-54, 56-59 of this Complaint as though set forth herein.

**ANSWER:** Defendants incorporates and re-alleges their answers to paragraphs 1-43, 45-46, 48-50, and 56-59.

61.     The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiff.  There was no probably cause for the institution of criminal charges against Plaintiff.  The criminal proceedings were commenced and continued maliciously.

**ANSWER:** Defendants deny the allegations contained in Paragraph 61.

62.     Defendants, MOORE, GARNER and UNKNOWN OFFICERS facilitated this malicious prosecution by failing to investigate, falsifying evidence, creating false police reports,

falsifying written criminal charges, and giving false and perjured testimony and information under oath.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 62.

63.	Plaintiff was wrongfully incarcerated, and then wrongfully prosecuted until the jury trial verdict of not guilty was rendered in the Tenth Judicial Circuit – Peoria County.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 63.

64.	Plaintiff was injured emotionally and physically from the loss of liberty, wrongful incarceration and the depravation of related rights.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 64.

65.	The individual defendant police officers are liable to Plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 65.

66.	Defendant CITY OF PEORIA is liable pursuant to the doctrine of *respondeat superior*.

**ANSWER:**  The correct statement of liability of Defendant City of Peoria is pursuant to 745 ILCS 10/2-302, in which it must indemnify, defend and pay any settlement or a judgment except an award of punitive or exemplary damages based on an injury allegedly arising out of an act or omission occurring within the scope of his employment as such employee.

## COUNT VI

### CLAIM UNDER 745 ILCS 10/9-102
### AGAINST DEFENDANT CITY OF PEORIA

67.	Plaintiff restates and realleges all the statements made in paragraphs 1-43, 45-46, 48-50, 52-54, 56-59, of this Complaint as though fully set forth herein.

**ANSWER:** Defendants incorporates and re-alleges their answers to paragraphs 1-43, 45-46, 48-50, 56-59, and 61-66.

68. Defendant CITY OF PEORIA was, at all times material to this Complaint, the employer of the police defendants.

**ANSWER:** Admit.

69. All individual defendants committed the acts alleged above in the scope of their employment as employees of Defendant CITY OF PEORIA.

**ANSWER:** Admit.

## COUNT VII

## UNREASONABLE SEARCH AND SEIZURE

70. Plaintiff restates and realleges all the statements made in paragraphs 1-43, 45-46, 48-50, 52-54, 56-59, 61-66, 68-69 of this Complaint as though fully set forth herein.

**ANSWER:** Defendants incorporates and re-alleges their answers to paragraphs 1-43, 45-46, 48-50, 56-59, and 61-66, and 68-69.

71. The individual defendants forced open Plaintiff front door and entered Plaintiff's abode without warrant, without probably cause and absent exigent circumstances.

**ANSWER:** Denied.

72. Plaintiffs did not consent to defendants' forced entry into Plaintiff's abode without warrant, without probable cause and absent exigent circumstances.

**ANSWER:** Denied.

73. Individual defendants acted jointly and in concert, with the intent and effect of harming and depriving Plaintiff of his constitutionally protected rights against unreasonable search and/or seizure and interferences with his property when they forced open Plaintiff's front

door and entered Plaintiff's abode without warrant, without probably cause and absent exigent circumstance.

**ANSWER:** Denied.

    74.    As a result of the Defendants' unreasonable search and seizure Plaintiff suffered severe emotional and physical trauma.

**ANSWER:** Denied.

WHEREFORE, Plaintiff requests judgment against all individual defendants, and:

    A.    That defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

**ANSWER:** Denied.

    B.    That individual defendants be required to pay Plaintiff special damages,

**ANSWER:** Denied.

    C.    That the entity defendant be required to reimburse the individual defendants pursuant to 745 ILCS 10/9-102.

**ANSWER:** Denied.

    D.    That individual defendants be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

**ANSWER:** Denied.

    E.    That individual defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

**ANSWER:** Denied.

    F.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

**ANSWER:**  Denied.

    G.    That Plaintiff be granted such other and further relief as this Court may deem just and proper.

**ANSWER:**  Denied.

Wherefore, Defendants Timothy B. Moore, Detective Garner, Unknown Officers, and the City of Peoria, respectfully pray that this Court enter an Order granting judgment in their favor and against the Plaintiff, that they have their costs and attorneys' fees, and for such relief as the Court deems just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.    Defendants did not violate Plaintiff's clearly established constitutional or statutory rights and is protected by qualified immunity.

### Second Affirmative Defense

2.    With respect to any state law claims, Defendants as peace officers in performance of their duties executing and enforcing the laws of the State of Illinois, Defendants are entitled to immunity pursuant to § 2-202 of the Illinois Local Governmental and Governmental Employee Tort Immunity Act, 745 ILCS 10/1-101 *et seq*.

Wherefore, Defendants Timothy B. Moore, Detective Garner, Unknown Officers, and the City of Peoria, respectfully pray that this Court enter an Order granting judgment in their favor and against the Plaintiff, that they have their costs and attorneys' fees, and for such relief as the Court deems just.

        TIMOTHY B. MOORE, DETECTIVE GARNER,
UNKNOWN OFFICERS and THE CITY OF PEORIA,
Defendants,

By s/ Sonni C. Williams
SONNI C. WILLIAMS, #6270829
Attorney for Defendants
Interim Corporation Counsel
City of Peoria Legal Department
419 Fulton Street, #200
Peoria, IL 61602
Ph.      (309) 494-8590
Fax     (309) 494-8558
E-mail: swilliams@peoriagov.org

## CERTIFICATE OF SERVICE

      I hereby certify that on May 20, 2013, I electronically filed Answer to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

Scott T. Kamin
LAW OFFICES OF SCOTT T. KAMIN
53 W. Jackson Blvd, Suite 1028
Chicago, IL  60604
Phone: (312) 322-0077
Fax: (312) 322-1041
Email: ScottTKamin@aol.com

        s/ Sonni C. Williams
SONNI C. WILLIAMS, #6270829
Attorney for Defendants
Interim Corporation Counsel
City of Peoria Legal Department
419 Fulton Street, #200
Peoria, IL 61602
Ph.      (309) 494-8590
Fax     (309) 494-8558
E-mail: swilliams@peoriagov.org