E-FILED

Monday, 27 June, 2016 02:07:01 PM

Clerk, U.S. District Court, ILCD

CERTIFIED COPY

A True Copy

Teste:

Christine Dubbledubbins

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit



In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 14-3701

JERMAINE JACKSON,

*Plaintiff-Appellant*,

*v.*

CITY OF PEORIA, ILLINOIS, *et al.*,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 13-1130 — **James E. Shadid**, *Chief Judge*.

_____

ARGUED SEPTEMBER 25, 2015 — DECIDED JUNE 3, 2016

_____

Before WOOD, *Chief Judge*, and BAUER and EASTERBROOK, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Clarence Heinz was the victim of a home invasion in October 2011. One burglar entered, punched Heinz and locked him in a closet, then was joined by a second burglar. They stole some of Heinz's possessions, including his car (they got the keys from his home). Police arrested Jermaine Jackson for this crime. After he was acquitted at trial, he turned the tables and sued the police

under 42 U.S.C. §1983. The district court granted summary judgment for the defendants.

One of Jackson's theories is that the police arrested him without probable cause. Yet Heinz identified Jackson's picture in a photo spread, and one of Heinz's neighbors identified Jackson as one of two people he had seen loitering outside Heinz's house near the time of the burglary. Jackson's own son told the police that his father had committed some burglaries recently. Eyewitness identifications supply probable cause for an arrest. See, e.g., *Gramenos v. Jewel Cos.*, 797 F.2d 432, 437–41 (7th Cir. 1986); *Smith v. Chicago*, 913 F.2d 469 (7th Cir. 1990).

Jackson contends that the police are culpable for failing to investigate his alibi before arresting him. But police may arrest and leave to the judicial process the question whether a defense applies. See, e.g., *Baker v. McCollan*, 443 U.S. 137, 145–46 (1979); *Hurem v. Tavares*, 793 F.3d 742 (7th Cir. 2015); *Askew v. Chicago*, 440 F.3d 894 (7th Cir. 2006). Jackson also maintains that the photo spreads were conducted improperly, with the officers suggesting to the witnesses that they choose his picture. For this claim of serious official misconduct he offers … nothing. The witnesses testified by deposition that no such thing occurred. So did the officers. It takes a dispute of material fact to move a case past summary judgment to trial. Because Jackson has no evidence for his contention, the police were entitled to summary judgment. (The existence of probable cause also knocks out Jackson's state-law theory that he is a victim of malicious prosecution. See, e.g., *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996).)

Jackson also accuses the police of searching his home without a warrant. Once again he offers no evidence. The

No. 14-3701                                                                    3

police indeed searched his home to see whether it contained evidence tying him to the burglary (it didn't), but the search was authorized by a warrant. According to Jackson, one officer entered his home, searched, and came back later with the warrant and a second officer. Jackson produced an affidavit stating that one of his neighbors told a member of Jackson's family that an officer had done this, and that the family member had relayed the information. But affidavits must be based on personal knowledge, and this was double hearsay. In discovery, the neighbor denied telling anyone that a police officer had entered Jackson's home before the warrant issued. That left Jackson bereft of evidence.

Jackson's next theory of liability is that the police denied him a fair trial by not investigating his alibi adequately and withholding exculpatory evidence. The problem with this theory is that he had a trial and was acquitted. A "fairer" trial could not have ended more favorably to him. We held in *Saunders-El v. Rohde*, 778 F.3d 556 (7th Cir. 2015), that a person acquitted at trial cannot recover on a theory that the trial was unfair. The acquittal itself is the relief to which the person is entitled. An acquitted person walks free, so the conduct of the trial cannot have led to unwarranted custody. Attorney Scott T. Kamin, who represents Jackson, also represented Saunders-El and is therefore well aware of that decision. Yet his brief on appeal in this case does not mention our decision in *Saunders-El*. After the appellees' brief relied heavily on *Saunders-El*, Kamin did not file a reply brief. Lawyers are not entitled to ignore controlling, adverse precedent. We expect (and are entitled to) better performance by members of the bar.

4                                                No. 14-3701

The arrest (as opposed to the trial) did subject Jackson to a period of custody, but it was justified by the probable cause to arrest and later by an indictment. Jackson maintains that he was mistreated during this custody by being held incommunicado and without food for several days. That would be a good ground for recovery against the jailers (if it happened), but Jackson did not sue any of the guards. He sued only the arresting officers. His theory is that the officers instructed the guards to mistreat him. For this assertion he has—once again—not a smidgen of evidence. He does not say that he heard any police officer issue such instructions. He does not explain how he learned about these supposed instructions. Discovery did not turn up instructions to mistreat him. The police and the jailers said in discovery that no such instructions had been issued or received. An argument of this kind, resting on nothing at all, is irresponsible. Attorney Kamin should count himself lucky that the appellees have not requested sanctions under Fed. R. App. P. 38.

AFFIRMED